IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK A. BRUCE,

          Plaintiff,

vs.                                                Case No. 5:20-cv-4077-DDC-GEB

LAURA KELLY, Governor of the State of Kansas,
and ERIK SMITH, in his official capacity as the
Superintendent of the Kansas Highway Patrol,

          Defendants.

**Defendants' Brief Regarding Jury Trial**

Defendants submit this brief in compliance with the Memorandum and Order, Doc. 43, "to file a brief not to exceed 10 pages explaining whether they'd like to keep the case set for a jury trial when Count I seeks just injunctive relief." Defendants request that the court find plaintiff is not entitled to a jury trial and order that the case be tried to the court without a jury.

For the sole remaining claim under Count I, plaintiff seeks only "prospective equitable relief in the form of reinstatement to the KHP at the rank of Major with permanent status." Pretrial Order, *Doc. 37*, p. 10. Rule 39 provides for Trial by Jury or by the Court:

> (a) When a Demand Is Made. When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
>
> > (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
> >
> > (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.
>
> (b) When No Demand Is Made. Issues on which a jury trial is not properly

> demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.
>
> (c) Advisory Jury; Jury Trial by Consent. In an action not triable of right by a jury, the court, on motion or on its own:
>
>> (1) may try any issue with an advisory jury; or
>>
>> (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

Fed. R. Civ. P. 39.

Plaintiff's complaint included a jury demand. *Doc. 1*, p. 13. The Pretrial Order, filed April 7, 2023, provides that the case will be tried by jury. *Doc. 37*, p. 11. In its Memorandum and Order, filed December 15, 2023, the Court dismissed the damage claims (Counts II and III of the Complaint and the claims ii and iii in the Pretrial Order). *Doc. 43*, pp. 47-48. The order left only plaintiff's claim for prospective injunctive relief under 42 U.S.C. § 1983 for trial. With only Count I remaining, defendants do not consent to a jury trial under Rule 39(c)(2).

Until the dismissal of the damage claims, Defendants agree plaintiff had a right to a jury trial. With the dismissal of the damage claims, there is no right to a jury trial. Pursuant to Rule 39, defendants request the court to find "there is no federal right to a jury trial" on the issues that remain for trial, that plaintiff no longer has the right to a jury trial, and the matter is to be tried to the court without a jury.

**There is no right to jury trial when plaintiff seeks only equitable or injunctive relief.**

It is settled law that there is no right to a jury trial under the Seventh Amendment for suits seeking only injunctive relief. Plaintiff Bruce is not entitled to a jury trial on his sole remaining claim for prospective injunctive relief.

The Seventh Amendment to the United States Constitution preserves the right to a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const.

Amend. VII. The United States Supreme Court instructs that "the phrase 'Suits at common law' refers to 'suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered'" and that the right to a jury in such suits "extends to causes of action created by Congress." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564-65 (1990) (quoting *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 447 (1830)). To determine whether an action is one that triggers the right to a jury, courts "examine both the nature of the issues involved and the remedy sought," with the remedy being "the more important in [the] analysis." *Id*. at 565; *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) ("The second stage of this analysis is more important than the first.").

The right to a jury trial extends to causes of action created by Congress. *Tull v. United States*, 481 U.S. 412, 417 (1987). With the merger of the systems of law and equity, *see* Fed.R.Civ.P. 2,[1] the Supreme Court has preserved the right to trial by jury where legal rights are at stake. However, 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

In *City of Monterey*, the Supreme Court concluded § 1983 does not by itself confer right to jury trial, notwithstanding the grant of a right to seek relief through "an action at law" or other proper proceeding for redress. *City of Monterey*, 526 U.S. at 707–08. Section 1983 permits not just "an action in law", but also allows a "suit in equity, or other proper proceeding for redress." 42

---

[1] Rule 2 provides: "There is one form of action—the civil action." Fed.R.Civ.P. 2. The adoption of Rule 2 abolished the separate forms of actions at law and actions in equity. Note, Fed.R.Civ.P. 2.

U.S.C. § 1983. With regard to the nature of the claim, "statutory claims unknown to the common law" are considered suits at law for Seventh Amendment purposes "so long as the claims can be said to sound basically in tort." *Id.* at 709 (cleaned up).

Thus, for the more important remedy prong, the general rule is that monetary relief is legal and damages for a constitutional violation are a legal remedy. *City of Monterey*, 526 U.S. at 710. But, generally speaking, a monetary award incidental to injunctive relief may be equitable. *Teamsters*, 494 U.S. at 571, 573 (quoting *Tull*, 481 U.S. at 424). "It is settled law that the Seventh Amendment does not apply" to "suits seeking only injunctive relief." *City of Monterey*, 526 U.S. at 719.

Plaintiff Bruce's sole remaining claim falls within the *Ex Parte Young* exception to the Eleventh Amendment's guarantee of sovereign immunity. *See Doc. 22*, pp. 13-14 ("Eleventh Amendment immunity doesn't bar plaintiff's claims asserted against defendants acting in their official capacities based on alleged ongoing violations of federal law for which plaintiff seeks prospective injunction relief. But, to the extent one could construe plaintiff's claims as ones seeking money damages from state officials sued in their official capacities, the Eleventh Amendment bars those claims."). *Ex Parte Young* held that "the Eleventh Amendment generally will not operate to bar suits so long as they (i) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law, and (ii) are aimed against state officers acting in their official capacities, rather than against the State itself." *Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007) (citing *Ex Parte Young*, 209 U.S. 123, 159–60 (1908)).

While not squarely addressing a § 1983 claim for only prospective injunctive relief, the Tenth Circuit cases instruct that when remedies are equitable in nature, a claimant is not entitled to a jury trial. *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1443 (10th Cir. 1988) (addressing claim for equitable relief of reinstatement under Title VII); *Williams v. Genesis Fin. Techs. Inc.*,

790 Fed. Appx. 161, 165 (10th Cir. 2019) (when Seventh Amendment requires that legal and equitable claims are tried together, the legal claims are tried to jury and court is bound by the jury's resolution of factual issues common to both claims). The majority of other circuits are in accord. *See Harkless v. Sweeny Indep. Sch. Dist.*, 427 F.2d 319, 324 (5th Cir. 1970) ("an equitable action for reinstatement authorized by § 1983 is not for jury consideration nor are the factual issues which form the basis of the claim for reinstatement. The Seventh Amendment does not so require. The plaintiffs' claim should have been determined by the court. The grant of jury trial was error."); *Moore v. Sun Oil Company of Pennsylvania*, 636 F.2d 154 (6th Cir. 1980), (no right to jury trial for equitable relief under § 1981, but compensatory and punitive damages were legal relief to which plaintiff had a right to a jury trial); *Williams v. Owens–Illinois, Inc.*, 665 F.2d 918, 929 (9th Cir.) *cert. denied*, 459 U.S. 971 (1982) (no right to jury trial where claim was equitable relief only). *Wilson v. Bailey*, 934 F.2d 301, 305 n.4 (11th Cir. 1991) (observing that "section 1983 injunctive and declaratory relief is not triable by jury").

## Conclusion

Plaintiff Bruce is not entitled to a jury trial on the sole claim for (only) prospective injunctive relief under § 1983. Defendants do not consent to a jury trial. Defendants request that the court find plaintiff is not entitled to a jury trial and order that the case be tried to the court without a jury.

> **Fisher, Patterson, Sayler & Smith, LLP**
> 3550 SW 5th Street
> Topeka, Kansas 66606
> Tel: (785) 232-7761 | Fax: (785) 232-6604
> dcooper@fpsslaw.com | tmock@fpsslaw.com
>
> <u>s/David R. Cooper</u>
> David R. Cooper                              #16690
> Terelle A. Mock                              #21465
> **Attorneys for Defendants**

## Certificate of Service

On December 28, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record:

Alan V. Johnson, KS #9992 | Michael J. Duenes, KS #26431
SLOAN, EISENBARTH, GLASSMAN, MCENTIRE & JARBOE, LLC
534 S. Kansas Avenue, Suite 1000
Topeka, Kansas 66603
 Tel: (785) 357-6311 | Fax: (785) 357-0152
ajohnson@sloanlawfirm.com | mduenes@sloanlawfirm.com
**Attorneys for Plaintiff**

s/David R. Cooper