## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARK A. BRUCE,

                                    Plaintiff,                    Case No. 20-4077-DDC

                    v.

LAURA KELLY, et al.,

                                    Defendants.

## MEMORANDUM AND ORDER

The court issues this Memorandum and Order to advise the parties of its plan to use an advisory jury at trial.  Below, the court explains how it reached this decision and what, exactly, this decision means.  But, first, it begins with the relevant background.

**I.       Background**

In his Complaint, plaintiff requested a jury trial under Fed. R. Civ. P. 38.  Doc. 1 at 13. This case's Pretrial Order set the case for a jury trial.  Doc. 37 at 11.  But the court's summary judgment order ousted the claims for which plaintiff had a right to a jury trial.

The Pretrial Order preserved all three claims:  (1) a § 1983 claim against defendants Governor Kelly and Colonel Herman Jones[1] in their official capacities for depriving plaintiff of his Fourteenth Amendment procedural due process rights; (2) a § 1983 claim against defendant Will Lawrence in his individual capacity for depriving plaintiff of his Fourteenth Amendment

---

[1]       Colonel Herman Jones previously served as the Superintendent of the Kansas Highway Patrol. On December 19, 2023, defendants substituted Colonel Erik Smith for Colonel Jones under Fed. R. Civ. P. 25(d) because Colonel Smith became the Superintendent of the Kansas Highway Patrol on July 7, 2023.  Doc. 44.

procedural due process rights; and (3) a tortious interference claim against defendant Lawrence in his individual capacity. *Id.* at 9.

In its Memorandum and Order dated December 15, 2023, the court denied defendants Governor Kelly and Colonel Jones's request for summary judgment against the claim asserted against them—Count I. Doc. 43 at 47–48. Also, the court granted defendant Lawrence summary judgment on the two claims asserted against him—Count II and Count III. *Id.* Plaintiff sought monetary damages for Count II and Count III. Doc. 37 at 10. But with the claims in those two counts and their monetary damages out of the case, just Count I remains for trial. And Count I merely seeks prospective equitable relief. *Id.* This configuration presented a jury trial problem, which the court asked the parties to brief. Doc. 43 at 48.

Plaintiff's brief seemingly recognizes that he doesn't have a right to a jury trial.[2] Instead, plaintiff asks for a jury trial for two reasons. First, he consents to a jury trial under Fed. R. Civ. P. 39(c)(2). Doc. 45 at 1. But this consent is meaningless because Fed. R. Civ. P. 39(c)(2) requires the consent of all parties, and defendants don't consent to a jury trial. Doc. 46 at 2. Second, plaintiff suggests an advisory jury. Doc. 45 at 2. Defendants' brief asks the court to find that plaintiff no longer has a right to a jury trial. Doc. 46 at 1. And defendants ask the court to try the case without a jury. *Id.*

With this background and the parties' views firmly in mind, the court turns to the legal standard governing jury trials and advisory juries.

---

[2]    At a pretrial status conference, plaintiff advised the court that plaintiff recognizes he's not entitled to a jury as a matter of right. A more recent filing firms it up: "The plaintiff agrees that he is not entitled to a jury trial under the Seventh Amendment, as a matter of right, because Count 1 seeks only injunctive relief in the form of reinstatement, which is equitable in nature." Doc. 50 at 2 ("Plaintiff's Reply Memorandum Regarding a Jury Trial").

## II.        Legal Standard

As already mentioned, plaintiff has requested a jury trial.  Fed. R. Civ. P. 39(a) requires the court to honor a party's demand for a jury trial unless the parties stipulate to a nonjury trial or "the court . . . finds that on some or all of those issues there is no federal right to a jury trial." Indeed, as suggested above and explained below, plaintiff doesn't have a federal right to a jury trial on Count I—the sole claim remaining for trial.

That leaves plaintiff's request for an advisory jury.  Fed. R. Civ. P. 39(c)(1) provides that in "an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury[.]"  A district court has discretion to decide whether to use an advisory jury.  *McKinney v. Gannett Co.*, 817 F.2d 659, 674 (10th Cir. 1987); *Lampton Welding Supply Co. v. Stobaugh*, No. 11-CV-319, 2012 WL 5878875, at *1 (N.D. Okla. Nov. 21, 2012). Courts' use of an advisory jury "often reflects the circumstances of the particular case[.]"  9 Arthur R. Miller, *Federal Practice and Procedure* § 2335 (4th ed. 2023).  An advisory jury can "allow[] the judge to get some appreciation for the common sense or standard of the community[.]"  *Id.*  If the court chooses to use an advisory jury, the "responsibility for the decision-rending process remains with the trial judge[.]"  *Id.*  The court has discretion "to accept or reject, in whole or in part, the advisory jury's verdict or findings."  *Id.*

## III.        Analysis

The court begins its analysis with the question raised by Fed. R. Civ. P. 39(a):  does plaintiff have a federal right to a jury trial?  The Seventh Amendment guarantees citizens' right to a jury trial in suits at common law.  U.S. Const. amend. VII.  The Supreme Court has construed the Seventh Amendment's phrase "Suits at common law" to mean suits for legal

rights, rather than suits for equitable rights with equitable remedies.[3]  *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) ("[T]he phrase 'Suits at common law' refers to 'suits in which *legal* rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered.'" (brackets omitted) (quoting *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 447 (1830))).

To that end, the court must determine whether the claim asserted by Count I is a legal suit or an equitable suit.  "To determine whether a particular action will resolve legal rights, [courts] examine both the nature of the issues involved and the remedy sought."  *Id.* at 565.  Examining "the nature of the issues involved" in a case brought under a statute requires the court to "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity."  *Id.* (citation and internal quotation marks omitted). The court also must "examine the remedy sought and determine whether it is legal or equitable in nature."  *Id.* (citation and internal quotation marks omitted).  The nature of the remedy is the more important question.  *Id.*

Here, plaintiff's Count I seeks equitable relief only:  "reinstatement to the KHP at the rank of Major with permanent status."  Doc. 37 at 10.  As mentioned above, plaintiff agrees that he doesn't have a right to a jury trial on Count I because that claim "seeks prospective equitable relief."  *Id.  See also Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1187 (11th Cir. 1985) ("Appellant seeks reinstatement . . . which [is] equitable . . . under section 1983.").  Because

---

[3]    The Seventh Amendment right to a jury trial also encompasses "causes of action created by Congress."  *Terry*, 494 U.S. at 564–65 (citation omitted).  Congress created the § 1983 cause of action, of course, but that doesn't resolve the question because the Supreme Court has held that § 1983— independently—doesn't confer a statutory right to a jury.  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999).

plaintiff seeks only an equitable remedy—the most important consideration—the court holds that plaintiff doesn't have a federal right to a jury trial on Count I.  Without any right to a jury trial, the court next considers plaintiff's request for an advisory jury.

Fed. R. Civ. P. 36(c) allows the court to use an advisory jury in "an action not triable of right by a jury."  The court, in its discretion, will use an advisory jury at trial.  Specifically, the court will submit the following question to the jury:  Did plaintiff voluntarily resign from his position with the Kansas Highway Patrol or did defendant Governor Kelly coerce plaintiff into resigning?  If plaintiff resigned voluntarily, then Governor Kelly didn't violate plaintiff's procedural due process rights.  *See Narotzky v. Natrona Cnty. Mem'l Hosp. Bd. of Trs.*, 610 F.3d 558, 564 (10th Cir. 2010).  So, this is a keystone question.  And, in the court's view, it's an ideal jury question because the law uses a reasonable person test to determine whether a resignation was voluntary.  *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1222 (10th Cir. 2000).  Allowing the jury to apply this reasonable person test will help the court in its endeavor "to get some appreciation for the common sense or standard of the community[.]"  9 Arthur R. Miller, *Federal Practice and Procedure* § 2335 (4th ed. 2023).

The court is mindful of the need to conserve time and resources.  To be sure, using an advisory jury takes more time and resources from the court and the parties.  But, until the court issued its summary judgment decision, everyone thought this case was a jury trial anyway.  The court and the parties were prepared to try this case to a jury until a few weeks ago.  The court thus concludes that the jury's helpfulness in deciding this question will outweigh any unavoidable inefficiencies imposed by impaneling an advisory jury.

## IV.  Conclusion

The court orders an advisory jury for this case's trial.  The court thus provides the parties notice that it will present the question whether plaintiff voluntarily resigned or was coerced into

resigning to the jury in an advisory capacity.  The court orders the parties to file appropriate proposed jury instructions and verdict forms on the schedule adopted by the Trial Order (Doc. 52).

**IT IS SO ORDERED.**

**Dated this 5th day of January, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**