IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK A. BRUCE,

                     Plaintiff,

           v.                                    Case No. 20-4077-DDC

LAURA KELLY, et al.,

                     Defendants.

## JURY INSTRUCTIONS

### INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to instruct you about the law that applies to this case. In the interest of clarity, I will read the instructions to you, and you will have extra copies of these instructions for use in the jury room.

It is your duty as jurors to follow the law as I shall state it to you. You should construe each instruction in light of and in harmony with the other instructions, and you should apply the instructions as a whole to the evidence.

<u>INSTRUCTION NO. 2</u>

You must weigh and consider this case without sympathy and without bias for or against any party. You must not be influenced by anything other than the issues of the case, the evidence in this case, and the law I have provided in these instructions.

You must consider and decide this case as a lawsuit between persons of equal standing in the community.

You are to perform your duty without bias for or against any party or person. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. That was the promise you made and the oath you took before the parties accepted you as jurors and they have the right to expect nothing less.

Keep constantly in mind that it would violate your sworn duty to base a verdict upon anything but the evidence in this case, and the law as I give it to you.

## INSTRUCTION NO. 3

Plaintiff has the burden of proof and the burden of proof here is a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

Again, to "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

In determining whether plaintiff has proved any fact in issue by a preponderance of the evidence, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You probably have heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

INSTRUCTION NO. 4

This instruction generally describes plaintiff's claim and defendants' position on his claim, as stated in the case.

Plaintiff served as the Superintendent of the Kansas Highway Patrol, retained by one of the defendants, Kansas Governor Laura Kelly. In late March of 2019, plaintiff was summoned to a meeting with Will Lawrence, Governor Kelly's Chief of Staff. Plaintiff then resigned from his position as Superintendent of the Kansas Highway Patrol.

Plaintiff claims he was coerced into involuntarily resigning from the Kansas Highway Patrol. Plaintiff also asserts that, because defendant Governor Kelly, acting through her Chief of Staff, coerced him into resigning, Governor Kelly effectively terminated his employment. Plaintiff bears the burden of proof for this claim. He must prove, by a preponderance of the evidence, that he was coerced into resigning.

The defendants deny that they coerced plaintiff into resigning. Defendants claim that, by resigning, plaintiff knowingly and voluntarily waived his right to be returned to the rank of major.

<u>INSTRUCTION NO. 5</u>

A resignation is involuntary and coerced when the totality of the circumstances indicates the employee did not have the opportunity to make a free choice.  To determine whether a resignation is voluntary or involuntary and coerced, you must use a "reasonable person" test. This means that a resignation is involuntary and coerced if, under the totality of the circumstances, a reasonable person would feel compelled to resign.  When applying this test, use an objective standard.

In considering whether a resignation is involuntary or coerced, you should consider four factors:  (1) whether the employee was given some alternative to resignation; (2) whether the employee understood the nature of the choice he was given; (3) whether the employee was given a reasonable time in which to choose; and (4) whether he was permitted to select the effective date of resignation.

<u>INSTRUCTION NO. 6</u>

You may consider as evidence everything that was admitted during trial such as witness testimony, an article or document marked as an exhibit, or any other matter admitted into evidence such as an admission, agreement, or stipulation. You must entirely disregard any evidence for which I sustained an objection or which I ordered stricken.

And, although you are to consider only the evidence, you are not limited to considering only the bare statements of witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified based on your experience. You may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that the parties have established through the testimony and evidence in the case.

INSTRUCTION NO. 7

Some things are not evidence.

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right—and sometimes a duty—to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must try not to guess what the information might have been.

4. Testimony and exhibits that I struck from the record, or told you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

<u>INSTRUCTION NO. 8</u>

The parties may prove any fact through either direct or circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though not proved directly.

In deciding if a fact has been proved by circumstantial evidence, you will consider all the evidence in the light of reason, common sense, and experience. You may give the same weight to circumstantial evidence as you give to direct evidence.

<u>INSTRUCTION NO. 9</u>

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to give to a witness's testimony. An important part of your job is making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest and fair? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either party? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which the witness testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing conflicting testimony, you should consider whether any discrepancy involves a material fact or an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

<u>INSTRUCTION NO. 10</u>

A witness may be discredited or "impeached" by contradictory evidence, or by evidence that at some other time the witness has said or done something, or failed to say or do something, which is inconsistent with the witness's testimony at trial.

If you believe any witness has been so impeached, you may give the testimony of that witness such weight as you believe it deserves.

If a witness is shown to have deliberately testified falsely about any material matter, you have a right to distrust that witness's testimony. You may reject any part or all of that witness's testimony.

<u>INSTRUCTION NO. 11</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

<u>INSTRUCTION NO. 12</u>

During the trial, I ruled on objections to the admission of certain things into evidence. Questions about the admissibility of evidence are solely questions of law for the court and you must not concern yourselves with the reasons for my rulings.  In your consideration of the case, you must draw no inferences from these rulings and you must consider only the evidence which I admitted.

INSTRUCTION NO. 13

Those exhibits capable of being displayed electronically will be provided to you in electronic form, and you will be able to view them in the jury room. A bailiff will show you how to operate the system, and how to locate and view the exhibits on the system. You will also be provided with an index of all exhibits received in evidence. Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the bailiff. If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the system, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view. If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury must not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the system in the jury room is to enable jurors to view the exhibits received in evidence in this case.

<u>INSTRUCTION NO. 14</u>

You will now hear arguments of counsel.  Their role is to offer interpretations of the evidence consistent with their respective causes.  Please give them your thoughtful and respectful attention.

INSTRUCTION NO. 15

At the beginning of trial, I instructed that you could take notes during the course of trial and cautioned that your note-taking should not interfere with your duty to listen and consider all the evidence. Now that you are about to begin your deliberations, I would like to comment on your use of any notes during the deliberations.

There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.

Therefore, you are instructed that your notes are only a tool to aid your own individual memory. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. If you did not take notes, you should rely upon your own independent recollection or memory of what the evidence was, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the evidence was. Above all, your memory should be your greatest asset during your deliberations.

INSTRUCTION NO. 16

When you retire to the jury room, you will first select one of your members to preside over your deliberations, speak for the jury in court and sign the verdict upon which you agree.

In this case your verdict will be returned in the form of written answers to special written questions submitted by the court. Your answers will constitute your verdict. Your answers to the questions must be unanimous. Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions.

It is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 17

Upon retiring to the jury room you should first select one of your number to act as your foreperson, who will preside over your deliberations and be your spokesperson here in court. The second thing you should do is read and discuss the court's instructions. One of the purposes of the instructions is to guide your deliberations. Not only will your deliberations be more productive if you understand the legal principles on which your verdict must be based but for your verdict to be valid, you must follow the court's instructions throughout your deliberations. Remember, you are judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A form of verdict has been prepared for your convenience. When you have reached unanimous agreement on your verdict, you will have your foreperson fill it in, date and sign it, and then notify the jury bailiff that you have reached a verdict.

<u>INSTRUCTION NO. 18</u>

During your deliberations, that is, when all of you are together in the jury room, you are released from the admonition regarding discussion of the case.

The admonition regarding discussion remains in effect at any time when all of you are not in the jury room, or when you are away from the courthouse. The admonition regarding reading, listening to or watching news reports about the case, doing any sort of independent investigation or discussing the case with any third party, remains in effect at all times until such time as I release you from the admonition. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

Until I accept your verdict and discharge you, you must not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, Twitter, Instagram, Snapchat, or TikTok to communicate to anyone any information about this case or to conduct any research about this case. You can discuss the case only during deliberations in the jury room when you and all of your fellow jurors are present there. If another juror violates these rules, I instruct you to inform me as soon as you become aware of that violation.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on evidence presented here inside this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are permitted to discuss the case only with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside this

courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely affect the judicial process.

INSTRUCTION NO. 19

If it becomes necessary during your deliberations to communicate with the court, please write out your message or question, have the presiding juror sign and date it, and give the note to the law clerk stationed outside of the jury room. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath taken by the law clerk that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. With regard to any message or question you might send, you should never state or specify your numerical division at the time. In other words, do not reveal how the group is voting, unless it is in response to a direct question from me about your division. Bear in mind, also, that you are never to reveal to any person how the jury stands— numerically or otherwise—on the question before you, until after you have reached an unanimous verdict.

INSTRUCTION NO. 20

A final suggestion by me—not technically an instruction upon the law—may assist your deliberations. The attitude of jurors at the outset of and during their deliberations is important. It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict. The reason is obvious: we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice. This presupposes and requires deliberation—counseling together in an effort to agree. Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties. You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced. No one can ask more and you will not be satisfied to do less.

Daniel D. Crabtree
United States District Judge

7 February 2024
Topeka, Kansas

21